By the Court.—Freedman, J.
The preliminary injunction was continued upon the bare allegation contained in the affidavit of the receiver, that he was informed and believed that Gloeckner’s claim, under the assignment made to him by Volkening, was fraudulent against certain creditors of Volkening, which he, as receiver, represented. Ho facts were stated from which this conclusion could be drawn, nor were’ the sources of his information, given.
The defendants, on the other hand, showed by two *336 affidavits and in detail, that, the assignment was bona-, fide, and made for- a good and, valid consideration.
It. was also shown that the assignment was made June 3, 1876j that the judgments, against Volkening Were recovered in the marine court, June 22, 1876, and that plaintiff was appointed receiver October 10, 1876.,
But there was no allegation or proof that on June, 3, 1876, the causes of action, existed, for which the-' judgments were subsequently recovered, nor did, the? grounds of the recovery appear. For all that appeared the, judgments might have been recovered upon, causes,of action which arose subsequent to the. date of the assignment, and- not upon contract.
Upon the. whole case, therefore, the plaintiff had. failed to. present a prima facie case entitling him to an injunction on the ground of fraud against creditors, and in the exercise of a sound discretion the motion;, for. the-continuance of the injunction during the pern dency of the action, should, have- been denied.
The- soundness of the views here expressed has, i since the argument of the present appeal, been confirmed upon- the trial, of. the issues, which, resulted in the final establishment of the good faith and validity, of the-,assignment.
The order should be reversed, with costs.
Speir, J., concurred.